UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANDELL HICKMAN,

                Plaintiff,

-against-

WARDEN HARVEY, ET AL.,

                Defendants.

24-CV-2721 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at the Otis Bantum Correctional Center on Rikers Island, brings this action *pro se*. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees that are required to file a civil action in this court or submit an amended request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] *See* 28 U.S.C. § 1915(b)(1).

      Plaintiff submitted a prisoner authorization form with his complaint, but his IFP application is incomplete. The second page of the IFP application is missing, and it therefore lacks certain information and is unsigned. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 24-CV-2721 (LTS).

---

[1] To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application and a prisoner authorization. See 28 U.S.C. §§ 1914, 1915. The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.[2]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 22, 2024
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.