UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANDELL HICKMAN,

                    Plaintiff,

          -against-

WARDEN HARVEY, et al.,

                    Defendants.

24-CV-2721 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Quandell Hickman, who filed this *pro se* action while he was detained in the

Otis Bantum Correctional Center on Rikers Island, alleges that Defendants violated his rights at

the Eric M. Taylor Center ("EMTC"). By order dated September 12, 2024, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For

the reasons stated below, the Court grants Plaintiff leave to file an amended complaint within 60

days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff files a handwritten complaint using a standardized form for incarcerated persons challenging the constitutionality of their confinement. He indicates on the form that he intends to bring his claims under 42 U.S.C. § 1983, the federal statute enabling an individual to sue a state or local official for violating his federal constitutional rights. Plaintiff names as the defendants

Warden Harvey of EMTC, Captain Russell, Deputy Warden Lake, Correction Officer Flor, and Captain Hypolite.

Plaintiff indicates that he is bringing claims arising from events that occurred at EMTC between February 2 and 15, 2024. On the section of the complaint form asking him to relate the events giving rise to his complaint, Plaintiff writes,

> Deputy Lake made my shoes disappear so I couldn't get them back due to medical causing burns/burning pain in feet. EMTC staff named excessively searched me days in a row. Forcing me to court on a bus I couldn't fit even when bus tried to send me back they denied me back in building[.] Same officer who searched me leaving building seargeant even the same officer who sexually assaulted me went to search my property again while I was at court. After two officers searched me a 3rd my property C.O. Flor 18775 searches my property and decides to open my sealed legal mail addressed to this court and the judicial court 61 Broadway obtaining a cell phone that had evidence on it and took it.[2]

(ECF 1, at 4.) Plaintiff claims that Defendants "never left a search slip" or notified him of searches that have occurred after his return from court. (*Id.* at 5.) In the relief section of the complaint, Plaintiff also asserts that Defendant Lake allowed emergency medical services to leave when he had a panic attack and seizure, and "allowed ESU to saw cuffs off in cell with Harvey consent." (*Id.*)

In the section of the complaint form that instructs him to describe his injuries, Plaintiff appears to describe losses stemming from his pretrial detention and criminal proceedings, such as loss of his freedom, business, and family, delay of his case, and defamation of character. As relief, Plaintiff seeks one billion dollars in damages and "all parties be fired and charged to the fullest extent of the law." (*Id.*)

---

[2] For readability's sake, the Court has taken the liberty of correcting some irregular capitalization when quoting from Plaintiff's complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

## DISCUSSION

Plaintiff brings this action alleging that Defendants violated his rights while he was in pretrial detention at EMTC. He brings claims under 42 U.S.C. § 1983 primarily about what he perceives as unlawful searches, but he also asserts other claims, including claims based on Deputy Warden Lake's confiscation of his shoes and Correction Officer Flor's interference with his legal mail.[3] Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As explained below, Plaintiff does not allege sufficient facts to suggest that he has viable Section 1983 claims for relief against Defendants. In light of Plaintiff's *pro se* status, however, the Court grants him leave to file an amended complaint that complies with the standards set forth below.

### A.    Unlawful Searches

Plaintiff's claims that correction officers have subjected him to unlawful searches arise under the Fourth Amendment. The protections of the Fourth Amendment, which prohibits unreasonable searches and seizures, "extend to prisoners and pretrial detainees." *Holland v. City of New York*, 197 F. Supp. 3d 529, 542 (S.D.N.Y. June 24, 2016) (citing *Bell v. Wolfish*, 441

---

[3] In the complaint, Plaintiff refers to several incidents that allegedly occurred in the intake of EMTC on February 2, 2024, including being sexually assaulted by a sergeant, not receiving medical care after a panic attack and seizure, and having his handcuffs sawed off. He has previously asserted those claims in an action pending before Judge Lewis J. Liman of this court. *See Hickman v. City of New York*, ECF 1:24-CV-1754, 8 ("*Hickman I*"). Because no useful purpose would be served by litigating Plaintiff's duplicative claims contained in *Hickman I* in this action, the Court dismisses all such claims without prejudice to the claims in *Hickman I*.

U.S. 520, 545 (1979)). In determining the reasonableness of a search, courts must "consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell*, 441 U.S. at 559. In the setting of a jail or prison, "correctional officers must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities," and deference must be given to such officers' judgment "unless there is 'substantial evidence' demonstrating their response to the situation is exaggerated." *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 327 (2012) (citing *Bell*, 441 U.S. at 546). "Regardless of who performs the search, a visual body cavity search . . . is invasive: 'A strip search that involves a stranger peering without consent at a naked individual, and in particular at the most private portions of that person's body, is a serious invasion of privacy.'" *Harris v. Miller*, 818 F.3d 49, 58 (2d Cir. 2016) (quoting *Florence*, 566 U.S. at 344-355 (Breyer, J., dissenting)).

Correction officials can conduct "random searches" of prisoners without having "reason to suspect a particular individual of concealing a prohibited item," *Florence*, 566 U.S. at 328, but such searches must be conducted pursuant to a jail or prison policy and must be reasonably related to a "legitimate penological justification," *Murphy v. Hughson*, 82 F.4th 177, 186 (2d Cir. 2023). Searches that involve intentional humiliation, abuse, or invasive touching may also violate the Fourth Amendment. *Florence*, 566 U.S. at 339; *see also George v. City of New York*, Nos. 12-CV-6365, 13-CV-3511, 13-CV-3514 (PKC) (JLC), 2013 WL 5943206, at *7-8 (S.D.N.Y. Nov. 6, 2013) (where prisoners alleged that strip searches were performed to humiliate and to "make a spectacle" of them, they adequately pled a Fourth Amendment claim) (internal quotation mark omitted). The Supreme Court has upheld jail policies that require "*all* arriving detainees to undergo a visual body cavity search before entering the jail's general

5

population, 'regardless of the circumstances of the arrest, the suspected offense, or the detainee's behavior, demeanor, or criminal history.'" *Murphy*, 82 F.4th at 184 (2d Cir. 2023) (emphasis in original) (quoting *Florence*, 566 U.S. at 324-25).

Here, Plaintiff does not allege sufficient facts to state viable claims of allegedly unlawful searches. He does not allege any facts regarding the context of the searches. For example, he does not allege why he was searched, how the search was conducted (for example, whether it was a strip search or a visual body cavity search, or whether there was touching involved), or any facts suggesting that the search was performed to intentionally humiliate or abuse him.

Plaintiff may also be attempting to challenge searches of his cell and property. Generally, an individual in pretrial detention does not possess a reasonable expectation of privacy in his prison cell, entitling him to the protection of the Fourth Amendment against unreasonable searches. *Bell v. Wolfish*, 441 U.S. 520, 526 (1979). Allegations that a search is harassment " unrelated to prison needs," however, may state a claim for a violation of the Fourth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 517 (1984). Here, Plaintiff's assertions of searches to his cell and property do not state a claim under the Fourth Amendment because he does not state whether the searches were conducted for reasons unrelated to security.

The Court grants Plaintiff leave to amend his complaint to allege additional facts regarding his claims of being subjected to unlawful searches. He must provide additional facts about the searches and the manner in which they were conducted – such as how often he was inappropriately searched, when the searches took place, and the reasons for the searches. If Plaintiff amends his complaint and includes a claim that one or more defendants violated his rights under the Fourth Amendment, Plaintiff must include facts in his amended complaint that

put each defendant involved in the search(es) on notice of what the defendant did or failed to do that violated Plaintiff's rights.

## B.    Deliberate Indifference to Medical Needs

Plaintiff asserts that Deputy Warden Lake "made [his] shoes disappear so [he] couldn't get them back due to medical causing burns/burning pain in feet." [4] (ECF 1, at 4.) This statement is difficult to understand, but Plaintiff may be attempting to assert that Defendant Lake was deliberately indifferent to his medical needs by taking shoes that he needed because he had burns on his feet. Because Plaintiff was a pretrial detainee at the time of the alleged incidents, any such claims would arise under the Fourteenth Amendment's Due Process Clause. To state a claim for constitutionally inadequate medical care under that provision, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The deliberate indifference

---

[4] Plaintiff also asserts that Deputy Warden Lake allowed emergency medical services to leave when Plaintiff had a panic attack and seizure. If this claim is based on the February 2, 2024 incident at EMTC described in *Hickman I*, Plaintiff should assert the claim against Deputy Warden Lake in that action. As previously stated, because no useful purpose would be served by litigating Plaintiff's duplicative claims contained in *Hickman I* in this action, the Court dismisses all such claims without prejudice to the claims in *Hickman I*.

standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain" (internal quotation marks and citation omitted)).

To satisfy the second element—the "subjective" or "mental" element—a pretrial detainee must allege facts indicating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff does not allege sufficient facts to suggest a viable claim against Defendant Lake for deliberate indifference to his serious medical needs. It is not clear that Defendant Lake's confiscation of the shoes is related to Plaintiff's medical condition. If it is, and even if the Court assumes that Plaintiff's medical condition – "burns/burning pain" on his feet – was objectively serious, he does not allege any facts suggesting that Defendant Lake knew or should have known that his actions posed an unreasonable risk to Plaintiff's safety.

The Court grants Plaintiff leave to file an amended complaint alleging facts sufficient to satisfy the objective and subjective prongs of the deliberate indifference standard. Plaintiff must provide any facts showing that he had a sufficiently serious medical condition of which

Defendant Lake was aware and that Defendant Lake showed deliberate indifference to that condition by taking his shoes.

**C.      Interference with Mail and Confiscation of Cellphone with Evidence**

Plaintiff asserts that Correction Officer Flor violated his rights by opening his legal mail addressed to courts, including this court, and confiscating a cellphone that had evidence on it. A prisoner's First Amendment rights encompass the right to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)). Plaintiff's allegations concerning his mail and cellphone potentially implicate both an access-to-courts claim and a general mail tampering claim.

**1.      Access to courts claim**

A claim that an individual's right of access to the courts has been denied may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" or from the loss or inadequate settlement of a meritorious suit that cannot now be tried. *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks omitted); *see also Harbury*, 536 U.S. at 415. To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 536 U.S. at 415. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional

violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151-52 (2d Cir. 1986)). Furthermore, when a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff may be implying that his criminal defense, efforts to appeal his conviction, or his efforts to file litigation concerning the conditions of his confinement have been hindered as a result of Correction Officer Flor's actions. Plaintiff does not, however, allege any facts suggesting that he is pursuing a "'nonfrivolous,' 'arguable' underlying claim," which has been hampered as a result of delays caused by the alleged interference with his mail or lack of evidence from the cellphone. *Harbury*, 536 U.S. at 415. Furthermore, to the extent that Plaintiff is represented by counsel in his criminal proceedings or in any postconviction matter, he does not allege facts showing why his counsel was unable to assert his legal claims on his behalf. *See Bourdon*, 386 F.3d at 98. Because Plaintiff does not allege the existence of a valid nonfrivolous underlying cause of action, and he does not explain why his attorney could not press his argument for exoneration in his criminal case or postconviction proceedings, he fails to state an access to courts claim under the First Amendment.

The Court grants Plaintiff leave to file an amended complaint to allege additional facts to state a claim with respect to the denial of his right to access to the courts under the First Amendment.

### 2.    Mail tampering claim

To state a claim based on general mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his

legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. As few as two incidents of mail tampering, however, may constitute a First Amendment violation if they are indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id.* at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that Correction Officer Flor interfered or tampered with his mail in a manner that rises to the level of a constitutional violation. He alleges only that the officer opened his legal mail. Plaintiff's allegations do not suggest that Correction Officer Flor subjected him to regular and unjustifiable interference with his mail or that such interference affected his ability to access the courts.

The Court grants Plaintiff leave to allege additional facts sufficient to state a Section 1983 access to the court or mail tampering claim. For an access to the courts claim, Plaintiff must allege facts suggesting that he was hindered from pursuing an arguably meritorious legal claim for which he is not represented by counsel. In support of a mail tampering claim, he must allege facts indicating that named defendants subjected him to regular and unjustifiable interference with his mail.

**D.    Property Claim**

A claim for deprivation of property is not recognized in federal court if the relevant state court provides a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). "[T]he availability of an action in the Court of Claims provides [an] adequate post-deprivation remedy for prisoners who claim deprivation of personal property by prison officials." *Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (describing procedure available to state prisoners). Thus, "even the intentional destruction of an inmate's property by a prison officer does not

violate the Due Process Clause if the state provides that inmate with an adequate post-deprivation remedy." *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (identifying that New York state law provides pretrial detainees with an adequate post-deprivation remedy, that is, Section 9 of the Court of Claims Act).

Plaintiff indicates that correction officials took his shoes and cellphone. To the extent he seeks damages for the loss of property, he fails to allege facts demonstrating that his available state remedies are in any way inadequate. *See Butler v. Castro*, 896 F.2d 698, 700-704 (2d Cir. 1990). Plaintiff's claim concerning the loss of his property is therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## E.    Personal Involvement

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)).

As explained above, Plaintiff brings multiple claims, but he does not specifically allege what each of the named defendants did or failed to do that violated his rights. For example, Plaintiff names Warden Harvey, Correction Officer Russel, and Captain Hypolite as defendants, but these individuals are not mentioned in the body of the complaint, and no facts are alleged showing what they did or failed to do. Should Plaintiff choose to amend his complaint, he must specifically state how each defendant was personally involved in the events underlying his claims.

## F.    Criminal charges against Defendants

Plaintiff cannot bring criminal charges against Defendants because the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman,* 454 U.S. 83, 87 (1981). Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore denies Plaintiff's request that Defendants be charged for allegedly violating his rights.

## G.    Claims Under State Law

A federal district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Because the Court is granting Plaintiff leave to replead his federal claims, the Court declines to address the merits of any state law claims that Plaintiff may wish to assert against the defendants. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))). The Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege sufficient additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims as explained above.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court who violated his federally protected rights and how, when and where such violations occurred, and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-2721 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and he cannot show good cause to excuse such failure, the Court will dismiss his complaint for failure to state a claim upon which relief may be granted, and it will decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) of any state law claims he may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; IFP status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

### AMENDED
### COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                     Middle Initial                  Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                         State                     Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                    Last Name                            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                    Last Name                            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                    Last Name                            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____